IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONNA DEARMON,                        )
                                       )
                                       )
        v.                             )       No. 3:14-cv-0900
                                       )       Judge Campbell/Bryant
BESTWAY RENT-TO-OWN,                   )
MICHAEL DYER, EDDIE FORD,              )
INDIVIDUALLY                           )
                                       )

To: The Honorable Todd Campbell, District Judge

REPORT AND RECOMMENDATION

This matter is on referral to the undersigned for, inter alia, pretrial management of

this case, including recommendation for ruling on any dispositive motions.  Currently pending is

a Motion to Dismiss or, in the Alternative, to Stay Proceedings and Compel Arbitration by

defendant, BestWay Rent-to-Own ("BestWay").  (Docket Entry No. 2)  For the reasons stated

below, the Magistrate Judge recommends that defendant's motion to dismiss be GRANTED.

Statement of the Case

On or about March 29, 2012, plaintiff entered into a Mutual Agreement to

Arbitrate Claims ("Arbitration Agreement") with BestWay.  (Docket Entry No. 3)  The

Arbitration Agreement expressly requires that all "past, present, or future" claims arising out of

the plaintiff's employment with BestWay, including claims for sex and age discrimination, be

arbitrated. (Docket Entry No. 3)  Subsequently, the plaintiff, proceeding *pro se,* filed a

Complaint in the Circuit Court of Wilson County, Tennessee, alleging sex and age

discrimination under Title VII of the Civil Rights Act of 1964. (Docket Entry No. 1, Exhibit A)

Following removal of the case to this Court, the defendant filed a Motion to Dismiss or, in the

Alternative, to Stay Proceedings and Compel Arbitration.  (Docket Entry No. 2)  The defendant

asserts the claims the plaintiff has alleged are covered under the Arbitration Agreement the

plaintiff signed and should be submitted to binding arbitration.  (Docket Entry No. 3 at 3)  On

April 16, 2014, the plaintiff filed a Motion to Stay, which the undersigned construes as a

response to defendant's motion, requesting that the Court keep the case.  (Docket Entry No. 10).

<u>Legal Analysis</u>

(1)  Standard of Review

The Federal Arbitration Act, 9 U.S.C. § 1 <u>et</u> <u>seq.</u>, provides in relevant part:

> If any suit or proceeding be brought in any of the courts of the United States
> upon any issue referable to arbitration under an agreement in writing for such
> arbitration, the court in which such suit is pending, upon being satisfied that the
> issue involved in such suit or proceeding is referable to arbitration under such an
> agreement, shall on application of one of the parties stay the trial of the action
> until such arbitration has been had in accordance with the terms of the agreement,
> providing the applicant for the stay is not in default in proceeding with such
> arbitration.

9 U.S.C. § 3.  The Federal Arbitration Act places arbitration agreements on an equal footing with

other contracts and requires the court to enforce them according to their terms unless there is a

legal defense to bar enforcement.  <u>Rent-A-Center, W., Inc. v. Jackson</u>, 561 U.S. 63, 67-68

(2010).  The Federal Arbitration Act sets up a presumption in favor of arbitration and requires

courts to "rigorously enforce agreements to arbitrate."  <u>Dean Witter Reynolds Inc. v. Byrd</u>, 470

U.S. 213, 221 (1985).

(2)  Arbitration

Defendant argues that plaintiff's claims are barred based on the Arbitration

Agreement she entered with the defendant.  (Docket Entry No. 2)  The five-page Arbitration

Agreement requires arbitration of all "past, present, or future" claims against the Company and

its employees or agents in their capacity as such arising out of the plaintiff's employment.

(Docket Entry No. 3 at 5)  The Arbitration Agreement expressly provides that it includes claims

for sex and age discrimination and claims for violation of any federal, state or other

governmental law, statute, regulation, or ordinance.  Id.  The Arbitration Agreement also

provides that the Arbitrator "shall have the exclusive authority to resolve any dispute relating to

the interpretation, applicability, enforceability or formation" of the agreement.  Id.[1]

> The Federal Arbitration Act provides in relevant part:
>
> A written provision in any maritime transaction or a contract evidencing a
> transaction involving commerce to settle by arbitration a controversy thereafter
> arising out of such contract or transaction, . . . shall be valid, irrevocable, and
> enforceable, save upon such grounds as exist at law or in equity for the revocation
> of any contract.

9 U.S.C. § 2.  The Arbitration Agreement expressly provides that it is governed by the Federal

Arbitration Act (Docket Entry No. 3-1).  The plaintiff has not provided any defenses to prevent

the enforcement of the Arbitration Agreement.

(3)  Dismissal

The defendant has requested the claims be dismissed or stayed, so the parties can

participate in arbitration.  There is a split among the courts which have addressed whether claims

under the Federal Arbitration Act should be dismissed or stayed.  Tennessee Imports, Inc. v.

Filippi,  745 F. Supp. 1314, 1323 (M.D. Tenn. 1990);  Siderius, Inc. v. Compania de Acero del

Pacifico, 453 F. Supp. 22 (S.D.N.Y. 1978);  Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840

(2d Cir. 1987).   In Tennessee Imports, Inc. v. Filippi, this Court considered the merits of both

positions.  745 F. Supp. at 1324.  This Court determined that the Federal Arbitration Act did not

clearly mandate referral to arbitration exclusively in the form of either a dismissal or a stay of

arbitrable issues.  Id.  The Court determined that the Federal Arbitration Act could accommodate

---

[1] The United States Supreme Court noted that "questions of arbitrability" may be decided by an arbitration panel
instead of a court if the parties clearly and unmistakably contract to such.  Howsam v. Dean Witter Reynolds, Inc.,
537 U.S. 79, 83 (2002).

both methods of referral.  Id.  However, the Court went on to acknowledge that some claims, on their face, may so clearly fall within the scope of an arbitration clause that there will be no question as to their arbitrability.  Id.  In these cases, the Court noted that the grant of a stay serves no function other than that of postponing the inevitable dismissal of such actions until the completion of arbitration.  Id.  Thus, the Court reasoned in the absence of compelling reasons for a stay, dismissal for lack of subject matter jurisdiction seemed a more appropriate means of referring parties to arbitration.  Id.

The Court also provided examples of these compelling reasons for a stay.  Id. at 1325.  For instance, if a court determined preliminary relief was necessary to ensure that the arbitration process remained a meaningful one, the court could maintain authority to order relief.  Id.  Further, if the claims fall under a broad arbitration clause, but arbitrability is far from certain, a stay might be justified.  Id.

The claims the plaintiff is making are based on sex and age discrimination. (Docket Entry No. 10)  Both of these claims are explicitly covered by the Arbitration Agreement. (Docket Entry No. 3 at 5)  Further, the plaintiff has not offered any compelling reasons why a stay would be more appropriate in this case.  Thus, the Magistrate Judge recommends dismissal so the parties can participate in arbitration.

## **Recommendation**

For the reasons stated above, the Magistrate Judge recommends that the defendant's motion to dismiss be GRANTED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).


**ENTERED** this 15th day of May, 2014.


s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE